## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**KEDRICK JOHNSON (#481715)**                                    **CIVIL ACTION**

**VERSUS**

**18-813-JWD-SDJ**

**DARREL VANNOY, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on December 28, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**KEDRICK JOHNSON (#481715)**                                    CIVIL ACTION

**VERSUS**
                                                                                        18-813-JWD-SDJ
**DARREL VANNOY, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed on behalf of defendant Dr. Randy Lavespere (R. Doc. 43). The Motion is not opposed.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against defendants, Warden Darryl Vanoy, Dr. Randy Lavespere, Secretary James LeBlanc, Assistant Warden Tracy Falgout, Billy Cannon, Jane Doe, and John or Jane Doe, complaining that his constitutional rights were violated due to deliberate indifference to his serious medical needs. He prays for monetary, declaratory, and injunctive relief. The only remaining claim is plaintiff's claim for deliberate indifference regarding failure to provide replacement knee braces, asserted against defendant Dr. Lavespere in his individual capacity. *See* R. Docs. 37 and 40.

The defendant moves for summary judgment, relying upon the pleadings, a Statement of Undisputed Facts, copies of the plaintiff's medical records, and the affidavit of defendant Dr. Lavespere. The plaintiff has not opposed the defendant's Motion.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). A party moving for

summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323. If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor. *Anderson v. Liberty Lobby, Inc., supra*, 477 U.S. at 248.

This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, supra*, 477 U.S. at 323.

Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party. *Little v. Liquid Air Corp., supra*, 37 F.3d at 1075. In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint as amended, the plaintiff alleges that in 2017 he began requesting replacement braces for his knees. His original braces had been taken by security officers and were not returned to the plaintiff. In April of 2018, plaintiff declared himself a medical emergency on two occasions, complaining of knee pain and requesting the knee braces which

had been prescribed for him. In June of 2018, the plaintiff was seen by Dr. Bunch who informed the plaintiff that defendant Dr. Lavespere would not authorize knee braces due to the plaintiff's housing assignment. In February of 2019, the plaintiff was seen by Dr. Parks, who informed the plaintiff that he would not be allowed to have knee braces because they were not permitted by his job assignment.

Defendant Dr. Lavespere asserts that he is entitled to qualified immunity in connection with the plaintiff's claims. Specifically, the defendant contends that the plaintiff's allegations and evidentiary showing fail to show the existence of a genuine issue of disputed fact relative to any alleged violation of the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.* at 202. The assertion of the qualified immunity defense alters the summary judgment burden of proof. *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). Once a defendant pleads qualified immunity, the burden shifts to the plaintiff, who "must rebut the defense by establishing that the official's allegedly wrongful conduct violated clearly established law and that genuine issues of material fact exist regarding the reasonableness of the official's conduct." *Gates v. Texas Department of Protective and*

*Regulatory Services*, 537 F.3d 404, 419 (5th Cir. 2008), *citing Michalik v. Hermann, supra*, 422 F.3d at 262.[1]

Undertaking the qualified immunity analysis with respect to the plaintiff's claims, the Court finds that motion for summary judgment should be granted. Specifically, the Court finds that there are no disputed questions of material fact regarding the plaintiff's claim for deliberate indifference to his serious medical needs.

A prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976). The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists". *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The official also must draw that inference. *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints. *Id*. A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

---

[1] The United States Supreme Court has held that rigid chronological adherence to the *Saucier* two-step methodology is not mandatory. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Although the *Saucier* methodology will be "often beneficial," the Court in *Pearson* leaves to the lower courts discretion as to the order in which they may wish to address the two prongs of the qualified immunity analysis. *Id.*

In *Rhett v. Scott*, 32 F. App'x 127 (5th Cir. 2002), the Court found that the plaintiff established the violation of a constitutional right when he was denied prescribed treatment for 14 months when prison authorities failed to provide him with a replacement knee brace. The defendant doctor was not, however, identified as the party responsible for the denial of such treatment and was dismissed. In the instant matter, the plaintiff has alleged that Dr. Lavespere is the party responsible for the failure to provide the plaintiff with replacement knee braces after they were taken by security. However, no support for this assertion is found in the record and the plaintiff has not submitted any competent summary judgment evidence in support of said assertion.

The competent summary judgment evidence submitted by defendant Dr. Lavespere shows that on November 16, 2012, the plaintiff was referred for orthopedic treatment of his left knee.[2] A neoprene knee support was ordered for the plaintiff on January 3, 2012, and was received by him on February 7, 2013.[3] On March 17, 2013, the plaintiff reported that his knee was getting better with physical therapy and use of the knee brace. He was instructed to continue using the brace on his left knee.[4] The plaintiff was instructed to continue wearing the brace on his left knee again on August 9, 2013, and again on February 3, 2014.[5] On September 4, 2014, the plaintiff reported using the brace on his right knee rather than his left.[6] On April 20, 2015, the physician noted that the plaintiff was in need of a second knee brace and ordered a Velcro knee sleeve, which was received by the plaintiff on May 1, 2015.[7] On December 13, 2017, it was noted that the plaintiff "lost knee braces – locked up – does not need @ this time."[8]

---

[2] *See* R. Doc. 43-3, p. 34.
[3] *See* R. Doc. 43-3, p. 30.
[4] *See* R. Doc. 43-3, p. 29- 30.
[5] *See* R. Doc. 43-3, p. 27-28.
[6] *See* R. Doc. 43-3, p. 26.
[7] *See* R. Doc. 43-3, p. 13-14.
[8] *See* R. Doc. 43-4, p. 113.

The plaintiff refused to walk on April 7, 2018, due to knee pain.[9] On April 9, 2018, the plaintiff was seen by medical and requested a walker to relieve the pressure on his knees.[10] Later that day, the plaintiff declared himself an emergency and complained of left knee pain and stated that he needed his knee braces.[11] On June 22, 2018, the plaintiff was referred to Dr. Bunch. It was noted that the plaintiff has somatic preoccupation (excessive thoughts regarding symptoms which have no medical cause) but was referred "just in case."[12] On June 27, 2018, the plaintiff was examined. It was noted that he had a list of problems to address and that the plaintiff was pleasant but manipulative.[13] In February and March of 2019, the plaintiff was seen by two physicians who noted manipulative behavior. On March 26, 2019, the plaintiff complained of knee pain and requested braces and pain medication. The physician noted that the plaintiff had lost his braces in December of 2017 and that the plaintiff had no need from the braces at that time.[14]

The record is devoid of any requests for replacement knee braces being denied due to the plaintiff's housing or job assignment. The record is devoid of any requests for replacement knee braces being denied at the direction of defendant Dr. Lavespere. Furthermore, the type of "brace" previously used by the plaintiff was a knee sleeve that is very common and is authorized in all housing areas. Defendant Dr. Lavespere was not involved in granting or denying the plaintiff the use of any type of knee brace. *See* R. Doc. 43-3, p. 3. Rather it appears that the plaintiff requests for knee braces were not granted due to the plaintiff's somatic preoccupation and/or manipulative behavior.

---

[9] *See* R. Doc. 43-4, p. 99.
[10] See R. Doc. 43-4, p. 97.
[11] *See* R. Doc. 43-4, p. 96.
[12] *See* R. Doc. 43-4, p. 87.
[13] *See* R. Doc. 43-4, p. 86.
[14] *See* R. Doc. 43-4, p. 64.

The plaintiff has failed to direct the Court's attention to specific evidence in the record which demonstrates that he can satisfy a reasonable jury that he is entitled to a verdict in his favor. The plaintiff instead relies upon his verified Complaint. The allegations made therein against defendant Dr. Lavespere are based on hearsay. Under Rule 801 of the Federal Rules of Evidence, hearsay is defined as a "statement that ... the declarant does not make while testifying at the current trial or hearing [and] a party offers in evidence to prove the truth of the matter asserted in the statement." The alleged statements of Drs. Bunch and Park to the plaintiff regarding alleged statements made to them by Dr. Lavespere fall within the definition of hearsay. "Unsubstantiated hearsay evidence that would not be admissible at trial does not suffice to raise a genuine issue of material fact." *Arora v. Starwood Hotels & Resorts Worldwide, Inc.*, 294 F. App'x. 159, 161 (5th Cir. 2008) (*citing Clary v. Comput. Assocs. Intern., Inc.*, 109 F.3d 765, 765 (5th Cir. 1997)). Accordingly, defendant Dr. Lavespere is entitled to summary judgment.

## **RECOMMENDATION**

It is recommended that the defendant's Motion for Summary Judgment (R. Doc. 43) be granted and that the plaintiff's action be dismissed, with prejudice.

Signed in Baton Rouge, Louisiana, on December 28, 2020.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**